UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ALGONQUIN POWER INCOME FUND; and
ALGONQUIN POWER SYSTEMS, INC.;

                        Petitioners

    -v-                                                     6:09-CV-226

CHRISTINE FALLS OF NEW YORK, INC.;
TRAFALGAR POWER INC.; MARINA
DEVELOPMENT, INC.; RIDGEWOOD
HEIGHTS, INC.; STEVER PROPERTIES,
LLC; TRAFALGAR PROPERTIES, LLC;

                        Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                 OF COUNSEL:

MENTER RUDIN & TRIVELPIECE          JEFFREY A. DOVE, ESQ.
Attorneys for Algonquin Power Parties     JAMES C. THOMAN, ESQ.
308 Maltbie Street Suite 200
Syracuse, New York 13204-1498

HARRIS BEACH PLLC                     PAUL J. YESAWICH, III, ESQ.
Attorneys for Trafalgar Power Parties      LAURA W. SMALLEY, ESQ.
99 Garnsey Road
Pittsford, New York 14534

HARRIS BEACH PLLC                     WENDY A. KINSELLA, ESQ.
Attorneys for Trafalgar Power Parties
300 South State Street
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      On February 25, 2009, petitioners Algonquin Power Income Fund and Algonquin

Power Systems, Inc. (collectively "Algonquin") moved to withdraw the reference to the

Bankruptcy Court as to Debtor's Claim Objection.  Debtors Christine Falls of New York, Inc. ("Christine Falls") and Trafalgar Power Inc. ("TPI") (collectively "debtors") opposed.  Debtor's opposition was joined by respondents Marina Development, Inc.; Ridgewood Heights, Inc.; Stever Properties, LLC; and Trafalgar Properties, LLC.  The motion was taken on submission without oral argument.

## II.  STANDARD

A district court may withdraw the reference to the bankruptcy court, pursuant to 28 U.S.C. § 157(d), upon "a showing of cause," which is not defined by the statute.  S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 762 (2d Cir. 1996) (citing 28 U.S.C. § 157(d)).  The district court must weigh the following factors in determining whether cause has been shown to warrant withdrawal of the reference: "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors. Id. (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)).  The first factor is the most important because the core, non-core determination in turn affects judicial efficiency and uniformity of bankruptcy administration, as well as "the relevance of the parties' jury trial rights."  In re Orion Pictures Corp., 4 F.3d at 1101.

> For example, the fact that a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court.  Conversely, hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues.

Id. Thus, the core, non-core determination is a threshold issue, after which the other factors should be considered. Id.

## III. DISCUSSION

At issue is the Claim Objection brought by debtors related to two proofs of claim by Algonquin.[1] First, Algonquin Power Income Fund filed a proof of claim against TPI for $18,821,496 purportedly due under the B Note, plus interest, costs, and expenses, listed as secured by a lien against all of the debtor's assets. Second, Algonquin filed an identical proof of claim against Christine Falls. These proofs of claim were filed in 2002. Debtors filed the Claim Objection in early 2008, asserting eight theories entitling them to relief.

The parties do not disagree that the Claim Objection is a core proceeding. However, Algonquin argues that because the primary basis for the Claim Objection is the res judicata effect of litigation regarding non-core matters in the District Court resolved in the November 2008 Decision of the undersigned, the characterization of the proceeding as core does not militate against withdrawing the reference. This argument fails to account for the fact that the November 2008 Decision (and the September 25, 2009, Decision denying Trafalgar's motion for relief from that Judgment) completely resolved that litigation.[2] Additionally, the other theories upon which the objection is based are more appropriate for resolution by the Bankruptcy Court, such as the accuracy of the "Algonquin Accounting;" calculation of the amount of payments; determination of whether the loans are non-recourse

---

[1] Detailed facts and background regarding the extensive litigation among these parties is set forth in previous decisions. See Trafalgar Power Inc. v. Aetna Life Ins. Co., 414 B.R. 22, 24 (N.D.N.Y. 2009) (collecting cases).

[2] It is noted that appeals and cross-appeals are pending in that case, N.D.N.Y. Civil Action No. 5:99-CV-1238.

and subject to setoff, recoupment, or equitable subordination; extinguishment of the claims by sale or surrender of the power plants; and whether Algonquin has standing to assert the claims.  Thus, the fact that the claim is a core bankruptcy matter weighs in favor of leaving the matter in the Bankruptcy Court.

Algonquin argues that the most efficient use of judicial resources dictates that the District Court interpret its own November 2008 Decision and its effect on the Claims, because of familiarity with the parties, the loan documents, and the November 2008 Decision.  Algonquin also points to the then-impending (and now finalized) retirement of Hon. Stephen D. Gerling, who handled the bankruptcy case during its lengthy history.  Hearing the Claim Objection in District Court would not increase the efficiency of judicial resources because litigation in the District Court is completed and the many issues requiring determination are core bankruptcy proceedings.  Further, it would be an efficient use of judicial resources for the Bankruptcy Court to decide these issues because the remainder of the bankruptcy case is proceeding before Judge Gerling's replacement, Hon. Diane Davis.  Thus, efficient use of judicial resources does not weigh in favor of withdrawing the reference.

There will not be any delay or increase in costs associated with Judge Gerling's retirement because Judge Davis is already handling proceedings in the case.  This factor weighs in favor of denying the motion.

Algonquin contends that debtors have forum-shopped by arguing before the Bankruptcy Court that claims found barred by the statute of limitations in District Court can be used as an offset or recoupment against the claims. By the same token, Algonquin could be said to be forum shopping by seeking to have the District Court adjudicate that issue.  Therefore, this factor is neutral.

These are the only factors argued by Algonquin for withdrawing the reference. Three of the factors weigh in favor of adjudication in Bankruptcy Court and one factor is neutral. Thus, Algonquin has not established cause to withdraw the reference and its motion will be denied.

## IV. **CONCLUSION**

Most importantly, the Claim Objection at issue is a core proceeding. Judicial efficiency, delay and costs to the parties weigh in favor of denying withdrawal of the reference, while avoidance of forum shopping is neutral.

Accordingly, it is

ORDERED that Algonquin's motion to withdraw the reference is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 10, 2009
       Utica, New York.